[No. 12486.  In Bank. — March 27, 1888.]

QUAN CHICK, PETITIONER, v. J. V. COFFEY, RE-SPONDENT.

CERTIORARI — SEARCH-WARRANT — ISSUANCE BY SUPERIOR JUDGE — RETURN TO SUPERIOR COURT. — The action of a superior judge, acting as a magistrate, in issuing a search-warrant, cannot be reviewed on *certiorari*, after he has returned to the proper superior court all the papers and proceedings filed with or had before him in the matter of the search-warrant, and when no proceeding in such matter is pending before him.

APPLICATION for a writ of *certiorari.* The facts are stated in the opinion of the court.

*H. H. Lowenthal,* for Petitioner.

*Matthew I. Sullivan,* for Respondent.

McFARLAND, J.—On September 23, 1887, the respondent, the Honorable J. V. Coffey (who was a superior judge), acting as a magistrate, issued a certain search-warrant, and certain proceedings were afterwards had thereon.  The warrant was issued upon the affidavit of a complainant, made upon information and belief.  It is contended that no witnesses were examined, and no depositions were taken which "set forth the facts tending to establish the grounds of the application, or probable

cause for believing that they exist," as required by sections 1526 and 1527 of the Penal Code. It is also contended that for this reason, as well as for other reasons not necessary to be here stated, the respondent exceeded his authority and jurisdiction in issuing said writ; and it is sought, in this proceeding, to review his action through a writ of *certiorari.*

It appears, however, that long before the date of the filing of the petition for this writ, which was January 12, 1888, the respondent, in pursuance of sections 1536, 1541, etc., of the Penal Code, had returned to the proper superior court all the papers and proceedings filed with or had before him, in the matter of said search-warrant; that no proceeding in said matter is now pending before him, and that he has no possession of any paper or record therein.

Section 1070 of the Code of Civil Procedure provides that the writ of *certiorari* must be directed to the tribunal, officer, or person "having the custody of the record or proceeding to be certified." It is evident, therefore, that the acts of respondent here sought to be reviewed cannot be reached by this writ.

Proceeding dismissed.

SEARLS, C. J., THORNTON, J., TEMPLE, J., and SHARPSTEIN, J., concurred.

Rehearing denied.