## WISE *v.* MILLS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 963.   Argued April 24, 25, 1911.—Decided May 15, 1911.

The fact that a question under the Constitution is involved in an order
requiring production of books and papers, does not establish that a
constitutional question is involved in the order committing for con-
tempt for refusing to comply with the order to produce. *Nelson* v.
*United States,* 201 U. S. 92, distinguished, and *Alexander* v. *United
States,* 201 U. S. 117, followed.

This court has no jurisdiction to review a judgment of the Circuit
Court committing for contempt for failure to produce simply be-
cause the interlocutory order which appellant refused to obey in-
volved a constitutional question; and, where it does not appear that
the order disobeyed was so far *dehors* the authority of the court as
to be void, the appeal from the order of commitment will be dis-
missed.

ON February 20, 1911, an inspector of customs, before
a commissioner of a Circuit Court of the United States,
charged Lawrence H. Mills, Charles G. Mourraille and
Emil S. Duflot with conspiring to defraud the United
States of a portion of the customs duties upon certain mer-
chandise imported by said parties, who were engaged in
business in the city of New York, under the firm name
of Mills & Duflot. It was charged that the object of the
conspiracy was to be accomplished by presenting to the
Collector of the Port of New York false and fraudulent in-
voices, and the commission of a specific overt act was al-
leged. Upon this charge a warrant issued for the arrest of
the accused. On the same day a deputy marshal with an
agent of the Department of Justice proceeded to the place
of business of the firm and executed the warrant by arrest-

ing the accused. At the time this was done the officers took possession of and carried away a large number of commercial books and papers which were found in the store or office of the accused. On the same day also the grand jury presented the accused for conspiracy to defraud the United States of its customs revenues and they were also arrested under a bench warrant issued upon this indictment, and were arraigned and admitted to bail.

On February 23, 1911, Mills, Mourraille and Duflot in a petition filed in the Circuit Court recited the taking possession and carrying away by the officers of the books and papers as heretofore stated, and alleged that such books and papers "constituted substantially all the books and papers with which they are and have been for several years doing business." It was averred upon information and belief that the books and papers in question had been turned over to the United States District Attorney to be placed at the disposal of the grand jury. Averring that the seizure was unlawful and without warrant of authority, it was prayed that the marshal and the district attorney be notified and after hearing they be commanded to return the books and papers. The district attorney quite elaborately answered the petition, admitting that the books and papers had been seized and carried away as alleged, traversing the averment that they were all the books, admitting that they were in his possession, that he had used and was intending to use them for the purpose of procuring indictments for violations of the customs laws and averring that reasonable access to the books and papers had been allowed the parties. The answer besides stated other matters which it was deemed sustained the seizure and the retention of the books and papers.

After hearing, the court ordered the return of the books and papers. The reasons for this course were stated in an opinion which substantially, on a review of the decisions of this court, especially *Boyd* v. *United States*, 116 U. S.

616, and *Hale* v. *Henkel*, 201 U. S. 43, held that the constitutional rights of the parties had been violated by the taking possession of the books and papers as alleged. 185 Fed. Rep. 318. Thereupon the district attorney, who is the plaintiff in error, refused to obey the order of the court and stated his reasons for the refusal in an elaborate paper filed in the Circuit Court and styled "Statement of grounds of United States attorney's refusal to obey order." In such paper, after referring to the taking possession of the books and papers and making certain statements concerning the same, it was declared: "As to the direction of this court to turn over the other books and papers now in his possession and taken into custody at the time of the arrest of the defendants, said United States attorney is unwilling and respectfully refuses to comply with said order, and the grounds of his refusal to obey the said order are as follows: . . ." This was followed by eleven paragraphs, in which were recited the charge against the accused, the taking possession of the books and papers, the return of some of them to the accused, the retention of the balance by the district attorney, their use before the grand jury and the intention to use them further. Certain papers were annexed as part of the statement.

The district attorney persisting in his refusal, the court entered an order committing him for contempt. Thereupon this writ of error to the judgment of commitment for contempt was allowed by the circuit judge who ordered the commitment, and assignments of error were filed, concluding as follows: "Wherefore the said Henry A. Wise prays that the order and judgment of said Circuit Court of the United States for the Southern District of New York, adjudging him to be in contempt, may be reversed and that the said court may be directed to enter an order and judgment vacating and setting at naught the said order upon which the commitment and complaint was made."

*The Solicitor General* for plaintiff in error:

In executing a warrant of arrest upon a charge of crime the officer may at the time and place of making the arrest seize anything upon the person of the defendant or in his possession at that time and place which is evidence of the crime for which he is arrested, and, this being so, the district attorney was entitled to the possession of books and papers containing evidence of the crimes charged against the defendants Mills, Mourraille and Duflot, in the complaint under which they were arrested and which were taken from their possession at the time and place of their arrest; and his refusal to return them under the order of the court was a proper discharge of his duty as the prosecuting officer of the Government. 1 Bishop on Crim. Proc., § 210, Wharton, Crim. Pld. & Prac., 8th ed., § 60; *Dillon* v. *O'Brien,* 16 Cox Crim. Cas. 245; *Ex parte Hurn,* 92 Alabama, 102; *Getchell* v. *Page,* 103 Maine, 387; *Smith* v. *Jerome,* 47 Misc. (N. Y.) 22; *State* v. *Robbins,* 124 Indiana, 308; *Reifsnyder* v. *Lee,* 44 Iowa, 101; *Closson* v. *Morrison,* 47 N. H. 482; *Spalding* v. *Preston,* 21 Vermont, 9; *United States* v. *Wilson,* 163 Fed. Rep. 338.

*Mr. A. Leo Everett* for defendant in error:

As to the jurisdiction of this court: There is no jurisdiction by appeal. That may be brought only pursuant to §§ 763 *et seq.,* Rev. Stat., which were limited but not repealed by the act of March 3, 1891. *Craemer* v. *The State,* 168 U. S. 124; *Rice* v. *Ames,* 180 U. S. 371; *Fisher* v. *Baker,* 203 U. S. 174; Notes to U. S. Comp. Stat., § 764.

The district attorney here is not restrained of his liberty in violation of the Constitution. While the Constitution provides immunity from unreasonable searches and seizures, it does not grant any right to officers of the law to make reasonable searches and seizures. It seems clear that such a right could be limited or controlled by law-making bodies, or even judges, without infringing on

a district attorney's or police officer's constitutional rights.

The act of March 10, 1908, c. 76, did not give the party aggrieved any greater rights by reason of the allowing of the certificate by a judge of the Circuit Court. Upon *habeas corpus* the court examines only the power and authority of the court to act, not the correctness of its conclusions. *Harlan* v. *McGourin*, 218 U. S. 448.

The proceedings below cannot be reviewed in this court by writ of error. This writ is based upon the order adjudging the district attorney in contempt for disobedience to the order requiring him to surrender the books and papers. The original order was not a final order within the meaning of the decisions of this court. The requisite finality was obtained by the order adjudging him in contempt. *Nelson* v. *United States*, 201 U. S. 92; *Alexander* v. *United States*, 201 U. S. 117.

It does not follow, because finality can be obtained in this way, that every decision involving a constitutional question can thus be reviewed.

In this case, the Circuit Judge had complete jurisdiction over his own process and over the district attorney as an officer of his court. He had jurisdiction to compel obedience to his first order even though that may have been improvidently issued or issued upon an erroneous theory of constitutional interpretation. The vice, therefore, if any, in his original order would not inhere in the order adjudging the district attorney in contempt. It is the latter order, only, which is here for review.

Mr. Chief Justice White, after making the foregoing statement, delivered the opinion of the court.

We have difficulty in understanding upon what theory the writ of error direct from this court was prosecuted, as clearly there was no jurisdiction to allow it, unless the case is within some of the provisions of the Judiciary Act

of 1891, conferring authority to so directly review.  The only ground stated in the assignments of error which in the remotest degree refers to a matter which would come within our right to review is the third assignment, which asserts: "The court erred in adjudging that the taking into custody of said books and papers at the time of the lawful arrest of said Lawrence H. Mills, Charles G. Mourraille and Emil S. Duflot was in violation of the provisions of the Constitution of the United States."  And this, we assume, is the theory upon which it is deemed we have jurisdiction directly to review, since that is the subject elaborately discussed in the argument at bar on behalf of plaintiff in error.  But it is obvious on the face of the record that the error thus assigned and the discussion at bar in regard to it concern themselves, not with the order which it is sought to review, that is, the commitment for contempt, but to another and different order not final in its character, that is, the order of the court directing the return of the books and papers.  *Alexander* v. *United States*, 201 U. S. 117.  Even then, although it be conceded that a question under the Constitution of the United States was involved in the latter, that concession does not establish that a constitutional question was involved in the order committing for contempt.  No conceivable constitutional right of the district attorney arose or could have been involved in committing him for contempt for refusing to obey the order of the court, and, therefore, there is no question presented on this record justifying a direct review of the order committing for contempt.

The case here is not even analogous to *Nelson* v. *United States*, 201 U. S. 92, since there the facts were these: A person who as a witness before a special examiner refused to produce books and papers on the ground that to compel him to do so would invade his constitutional rights, was proceeded against for contempt and the authority of this court to directly review the final judgment committing for

contempt was rested upon the express ground that the writ of error directly involved the determination of whether the order to produce, and to punish for the refusal to produce, violated the constitutional rights of the witness. Even if it were to be conceded, for the sake of argument, that the court below had proceeded upon an erroneous conception of the Constitution when it ordered the return of the books and papers, that concession would not serve to establish that the order was so *dehors* the authority of the court as to cause it to be void, and to justify an officer of the court in refusing to respect and obey it. This is obviously true, since it is apparent that, wholly irrespective of the merits of the view which the court took of the constitutional rights of the parties whose books and papers were directed to be returned, the power to direct the return of the books and papers was equally possessed and might have been exerted upon the conception of the abuse of discretion, which was manifested by the taking possession of the books and papers under the circumstances disclosed. Indeed, the basis upon which the assumption that we have jurisdiction to review rests plainly upon a two-fold misconception. The one, that the right to have a direct review of the final contempt order carries with it the right to have at the same time a review of the interlocutory order returning the books—a proposition which directly conflicts with the ruling in the *Alexander Case, supra.* The other, because, under the view taken by the court below, the seizure of the books and papers violated the constitutional rights of the accused—that, therefore, some constitutional question was involved in the commitment for contempt for refusing to obey the order of the court for the return of the books and papers.

Under the circumstances we are of opinion that the entire want of foundation for the assumption that there was jurisdiction in this court to directly review the order of commitment which caused this writ of error to be prose-

cuted is, we think, so obvious as not to afford any possible ground for retaining jurisdiction of the cause. That is to say, we are of opinion that the contention upon which the asserted right to prosecute the error directly to this court was based is so devoid of all foundation as to render it necessary to decline to assume a jurisdiction which we have not; and, therefore, the writ of error is dismissed.

*Writ of error dismissed.*