## UNITED STATES v. MARQUETTE et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3594.

Intoxicating liquors ⬦253—Order for return of intoxicating liquors seized during unlawful search not appealable.

An order requiring the return of intoxicating liquor taken from the home of one of the defendants in a criminal case during an unlawful search of his home was not appealable, where the court did not assume jurisdiction for the purpose of trying the title or right of possession, but merely to prevent the use as evidence of property wrongfully seized.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Criminal prosecution by the United States against Edward John Marquette and others. From an order requiring the return to defendants of intoxicating liquor taken from them, the United States appeals. Appeal dismissed.

Frank M. Silva, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal.

Ed. F. Jared, of San Francisco, Cal., for appellees.

Before MORROW and HUNT, Circuit Judges.

PER CURIAM. On the 8th day of January, 1920, one Powers placed a quantity of intoxicating liquor in the home of one Sloan, in the city and county of San Francisco, for safe-keeping. On the following day certain officers of the government, without warrant or authority of law, forcibly invaded the Sloan home and seized and carried away the intoxicating liquor there stored. On the 13th day of January, 1920, an indictment was returned against Powers, Sloan, and others, charging a conspiracy to sell intoxicating liquor for beverage purposes and not for export, in violation of section 37 of the Penal Code (Comp. St. § 10201).

Later the defendant Powers petitioned the court in the conspiracy case for a return of the intoxicating liquor to him, on the ground that the seizure was unlawful, and that the United States attorney proposed to use it as evidence against the accused on the trial of the conspiracy indictment. Upon a hearing had on a show-cause order the court ordered a return of the liquor to Powers, and from that order an appeal as been prosecuted by the United States.

The appellees have moved to dismiss the appeal, on the ground that the order is not final, and therefore no appeal will lie. This

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

motion must be granted. It is well settled that interlocutory orders such as this are not appealable. Coastwise Lumber & Supply Co. v. U. S., 259 Fed. 847, 170 C. C. A. 647; U. S. v. Maresca (D. C.) 266 Fed. 713; Crooker v. Knudsen, 232 Fed. 857, 147 C. C. A. 51.

The argument on the part of the government that a plenary suit in replevin or claim and delivery might have been instituted for the recovery of the property, and that an appeal or writ of error would lie from the final judgment is beside the question. The court below did not assume jurisdiction for the purpose of trying title or right of possession, but merely to prevent the use of the property wrongfully seized as evidence upon the trial of the criminal charge, and the order directing a return of the property to avoid that result is no more final or appealable than would be any other order excluding testimony on the trial.

Appeal dismissed.