## UNITED STATES v. MATTINGLY, Police Judge.

(Court of Appeals of District of Columbia. Submitted November 21, 1922.
Decided December 4, 1922.)

No. 780.

1. **Exceptions, bill of ☞51—Judge should sign tendered bill of exceptions, regardless of whether order is appealable.**

   It was error for a police judge to refuse to sign a proposed bill of exceptions, for the reason that the order from which the appeal was sought to be taken was not an appealable order, since that question was one for the Court of Appeals, and not for him, to decide.

2. **Appeal and error ☞69(1)—Order to return liquor unlawfully seized is not a "final order."**

   An order requiring the government to return liquor seized under a search warrant, for the reason that it was taken from property not described in the warrant, and therefore in violation of Const. Amend. 4, and Act June 15, 1917, tit. 11, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c), and to suppress all evidence thereby obtained, is not a final order from which an appeal may be taken, since a "final order" is one which disposes finally of the rights of the parties to the thing involved.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

3. **Searches and seizures ☞5—Court should order return of property illegally seized.**

   Where evidence of any character is secured in violation of the Fourth Amendment to the Constitution, it cannot be used over the objection of defendant, and it is the court's duty, on motion timely made, to suppress it as evidence and direct its return to the persons from whom it was taken.

4. **Intoxicating liquors ☞255—Prohibition Act does not prevent return of liquor unlawfully seized.**

   Since National Prohibition Act, tit. 2, § 33, does not make possession of liquor in a private dwelling for personal consumption only unlawful, and thereby permits possession for some purposes, the provision of section 25, same title, requiring liquor unlawfully held or possessed to be destroyed unless the courts shall otherwise order, does not prevent the return of liquor unlawfully seized to the person from whom it was seized, and who claimed he had stored it for his own use.

5. **Exceptions, bill of ☞53(5)—Mandamus will not issue to compel signing of bill of exceptions, if order was not reviewable.**

   Where the order from which an appeal was sought to be taken was not appealable, so that no harm resulted from the erroneous refusal of the judge to sign the bill of exceptions, mandamus will not issue to compel the vain act of signing the bill.

Original application by the United States for a writ of mandamus to compel Robert E. Mattingly, as Judge of the Police Court, to sign a bill of exceptions. Application denied.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for the United States.

Dan Thew Wright and Philip Ershler, both of Washington, D. C., for respondent.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. The government on the 13th day of October, 1922, caused a search warrant to be issued which authorized prohibition agents named therein to search 1000 and 1002 Seventh Street, S. W., and garage in rear, in this District, at any time of the day or night, on the ground that one Frank P. Hall unlawfully possessed liquor in the premises described and held the same for sale in violation of law. The agents, on the 14th of the same month, assuming to act under the warrant, seized a large quantity of liquor of different varieties. Hall, on the 17th of October, filed a motion in the police court of the District for an order directing the return to him of the liquor on the ground that it was not found in or taken from the premises mentioned in the search warrant. An information charging Hall with the unlawful possession and sale of the liquor was filed on the next day in the same court. The motion for the return of the liquor was set for hearing on November 2. On that day Hall, through his counsel, called it up for hearing, and, besides, moved orally for the return of the liquor, at the same time stating that the purpose of the motions was to suppress any evidence acquired by the government through the seizure of the liquor. Whereupon the court set the motions for hearing on November 6, when they were heard and disposed of.

The sufficiency of the warrant was conceded by Hall, but it was insisted that the liquor was not taken from the premises described in it. Testimony for and against his position was offered and received. The court found that the liquor was not taken from the premises described in the warrant, and was therefore unlawfully seized, and ordered that all evidence obtained through the entry or search by the prohibition officers be suppressed, that the United States and its officers be prohibited from using it in any manner, and that the liquor be returned forthwith to Hall. To this ruling the government excepted at the time, and gave notice of its intention to apply to this court for a writ of error. In due time the government presented to the presiding judge, Hon. Robert E. Mattingly, a proposed bill of exceptions for his allowance and signature. He declined to sign it, placing his action on the ground that the order which he had made, directing the return of the liquor and the suppression of it as evidence, was not final, and therefore could not be made the subject of a petition in error. Application was then filed in this court by the United States for a writ of mandamus to compel him to sign the bill or show cause why he should not do so. A rule issued, to which the judge made a return, the substance of which we have given.

[1] The question we have to decide is whether or not, under the circumstances detailed, the government is entitled to the writ for which it prays. . We have no hesitation in saying that the judge was wrong in refusing to sign the proposed bill of exceptions for the reasons given by him. Whether the order complained of was a final one or not was not for him to decide. That was a question for this court. None the less, if the order was not a final one, it could not be made the subject of a writ of error, and therefore the error committed by the judge in refusing to sign the bill would be without prejudice.

[2] A final order is one which disposes finally of the rights of the

parties to the thing involved. Richmond v. Atwood, 52 Fed. 10, 2 C. C. A. 596, 17 L. R. A. 615; United States v. Abatoir Place, 106 U. S. 160, 1 Sup. Ct. 169, 27 L. Ed. 128; Boyle v. Zacharie, 6 Pet. 648, 8 L. Ed. 532; Gunn v. Black, 60 Fed. 151, 8 C. C. A. 534; Lynham v. Hufty, 44 App. D. C. 589; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 10 Sup. Ct. 736, 34 L. Ed. 97. The court by the order determined nothing finally. It passed upon the means by which the government secured possession of the liquor, and upon nothing more. Whether the liquor was possessed illegally or otherwise by Hall was not involved. According to the holding of the court it was taken under a warrant which did not particularly describe the place to be searched, as required by the Fourth Amendment to the Constitution of the United States, and section 3, title 11, 40 Stat. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c). An order by the lower court, directing the return of liquor illegally seized by officers of the government, was held to be not final by the United States Circuit Court for the Ninth Circuit in United States v. Marquette et al., 270 Fed. 214.

[3, 4] It is settled that, where evidence of any character is secured in violation of the Fourth Amendment, it cannot be used over the objection of the defendant, and it is the duty of the court, upon motion timely made, to suppress it as evidence and direct its return to the person or persons from whom it was taken. Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654. But it is urged that, while this rule is applicable so far as the suppression of the liquor as evidence is concerned, it does not apply to the return of it, because, as claimed, the liquor is contraband, and, although it could not be used as evidence against the defendant, it should not have been returned to him. This argument is bottomed on the National Prohibition Act (41 Stat. 305), which declares in substance that liquor unlawfully held or possessed shall be destroyed unless the court shall otherwise order. Section 25, title 2. But the act also provides, in section 33, same title, that it shall not be unlawful for a person to possess liquor in his private dwelling while the same is occupied and used by him as his dwelling only, provided such liquor is for use only for the personal consumption of the owner thereof and his family residing at such dwelling and of his bona fide guests when entertained by him therein. There are, then, conditions under which liquor may be possessed by a citizen without violating the law.

Hall testified that he had stored the liquor "for his own use." No one contradicted this. It has some tendency to show that he had a right to its possession at the time it was seized. This differentiates the case from United States v. Rykowski (D. C.) 267 Fed. 866, United States v. Fenton (D. C.) 268 Fed. 221, O'Connor v. Potter (D. C.) 276 Fed. 32, and United States v. Alexander (D. C.) 278 Fed. 308, in which it was clearly established either that the liquor was unlaw-

fully possessed or that the person from whom it was taken made no claim to its ownership.

[5] But whether or not the court erred in ordering the return of the liquor is immaterial, and that phase of the question is not passed upon. What we are concerned about at this time is the nature of the order. As we have already intimated, it was interlocutory, not final. In ordering the return of the liquor the court simply undid what had been done illegally. It did nothing more. Neither the right of property nor the right of possession was passed upon finally. When the liquor is returned to the defendant it may be dealt with by the government as if no seizure had ever been made, provided information secured illegally is not used. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. But, however that may be, we decide nothing here except that the order complained of is not a final one. This being so, the government is not entitled to a writ of error to review it, and therefore it would be a vain thing to require Judge Mattingly to sign the proposed bill of exceptions.

The application for a writ of mandamus is denied.