THE STATE *v.* W. F. BASS.*

(*Nashville.* December Term, 1925.)

1. **SEARCHES AND SEIZURES.**

Description particularly pointing to a definitely ascertainable place, excluding all others, is sufficient for issuance of search warrant. (*Post, pp.* 166, 167.)

Acts cited and construed: Acts 1917, chs. 3, 12.

Cases cited and approved: Spears v. State, 99 So., 361; Steele v. U. S., 45 S. Ct., 414; U. S. v. Friedman, 267 F., 856; Donnelly v. State, 142 N. E., 219.

2. **SEARCHES AND SEIZURES.** Reference to street number in search warrant is insufficient, where identical number is on two streets of same name, or where there is more than one building or occupant at number.

Reference to street number does not afford accurate description of premises to be searched necessary for issuance of search warrant, where there are two streets in same city bearing identical names and numbers, or if there is more than one building located at designated street number or a number of occupants in possession of different room or apartments at particular street number. (*Post. p.* 167.)

Cases cited and approved: U. S. v. Innelli, 286 F., 731; Nestor v. Commonwealth, 202 Ky., 748.

3. **SEARCHES AND SEIZURES.** Description in search warrant leaving no discretion to officer in choice between one or more places occupied by strangers to process is sufficient.

Description in search warrant is sufficient if it enables officer to locate place to be searched with reasonable certainty, without leav-

---

*On admissibility of evidence obtained by illegal search and seizure, see notes in 24 A. L. R., 1408; 32 A. L. R., 408.

State v. Bass.

ing to his discretion choice between one or more places occupied by strangers to the process. (*Post, p.* 167.)

4. **SEARCHES AND SEIZURES.** Restoration of property seized for insufficiency of search warrant cannot be had by direct defense before justice issuing warrant or certiorari to review his decision (Shannon's Code, sections 7309, 7310).

Under Shannon's Code, sections 7309, 7310, restoration of property seized for insufficiency of search warrant cannot be had by direct defense before justice of peace to whom warrant was first returned or by review on *certiorari* of his decision. (*Post, pp.* 167-169.)

Cases cited and approved: Weeks v. United States, 34 S. Ct., 341; Wise v. Mills, 31 S. Ct., 597; United States v. Mattingly, 285 F., 922.

Case cited and distinguished: United States v. Marquette et al., 270 F., 214.

Code cited and construed: Sec. 7309 (S.).

5. **Criminal law.** Certiorari to review issuance of search warrant by justice of peace is not authorized by statute or common law (Shannon's Code, sections 7309, 7310).

*Certiorari* to review issuance of search warrant by justice of peace is not authorized by common law or statute, since custody by justice of all records and proceedings in search and seizure under Shannon's Code, sections 7309, 7310, ends with his determination and return of papers to circuit or criminal court, and since proceeding before justice is but initial step in criminal proceeding. (*Post, pp.* 169, 171.)

Cases cited and approved: Quan Chick v. Coffey, 75 Cal., 371; State, Farrow, Prosecutor, v. Springer, 31 A., 215; Hoxsey v. Woodruff, 39 N. J. Law, 72; Hughes v. State, 145 Tenn., 544; Weeks v. United States, 34 S. Ct., 341; Gallagher v. United States, 6 F. (2d) 758.

6. **SEARCHES AN SEIZURES.**

Possession of thing unlawfully seized, intended to be used as evidence in criminal proceeding, may be obtained by application to court before whom indictment is pending. (*Post, p.* 171.)

State v. Bass.

Cases cited and approved: People v. Marxhausen, 204 Mich., 559; Youman v. Commonwealth, 189 Ky., 152; Tucker v. State, 128 Miss., 211; Amos v. United States, 255 U. S., 313; Gouled v. United States, 255 U. S., 298; Panzich v. U. S., 285 F., 871; Haywood v. U. S, 268 F., 795; Wise v. Mills, 220 U. S., 549; Coastwise Lbr. & Supply Co. v. U. S., 259 F., 847.

7. CRIMINAL LAW. Whether search and seizure was illegal will be determined at trial and evidence excluded if unlawfully obtained.

Court will pause in midst of trial to determine by preliminary inquiry whether search and seizure, through which evidence offered was obtained, was in violation of constitutional rights of accused, and, if seizure was illegal and evidence unlawfully obtained, it will be excluded. (*Post, pp.* 171-173.)

Cases cited and approved: Goodwin v. State, 148 Tenn., 682; Craven v. State, 148 Tenn., 517; Hampton v. State, 148 Tenn., 155; Tenpenny v. State, 151 Tenn., 669.

8. CRIMINAL LAW.

Order to to suppress evidence illegally obtained and prevent its use against person charged with offense is interlocutory and not final. (*Post, p.* 173.)

9. INTOXICATING LIQUORS. If liquor is not unlawfully possessed, accused cannot be convicted for its possession, and liquor will be restored to him (Public Acts 1917, chapters 3, 12, and chapter 3, section 3).

Under Public Acts 1917, chapter 3, section 3, if trial of case for possession of liquor in violation of chapters 3 and 12 shows that liquor was not unlawfully possessed, accused cannot be convicted, and liquor will be restored to him. (*Post, p.* 174.)

Acts cited and construed: Acts 1917, ch. 3, sec. 3.

10. INTOXICATING LIQUORS.

Under Shannon's Code, section 7309, and Public Acts 1917, chapter 3, section 3, liquor in controversy is subject to orders of criminal court wherein indictment is pending. (*Post, p.* 174.)

Code cited and construed: Sec. 7309 (S.).

State v. Bass.

11. **CRIMINAL LAW.**

Preliminary proceedings for restoration of property seized, whether by motion or petition, is not to determine property rights, but to suppress illegally obtained evidence. (*Post, pp.* 174, 175.)

12. **CRIMINAL LAW. Order to suppress evidence is interlocutory and not reviewable except on appeal from final judgment.**

Order to suppress evidence because illegally procured is an order springing from indictment, founded on initial search and seizure proceedings, and is not final, but interlocutory, and not reviewable except on appeal after final judgment wherein order was entered. (*Post, pp.* 174, 175.)

Cases cited and approved: Rutherford v. Richardson, 33 Tenn., 609; Payne v. Satterfield, 114 Tenn., 58.

---

*Headnotes 1. Searches and Seizures, 35 Cyc., p. 1266; 2. Searches and Seizures, 35 Cyc., p. 1266; 3. Searches and Seizures, 35 Cyc., p. 1266; 4. Searches and Seizures, 35 Cyc., p. 1268; 5. Certiorari, 11 C. J., Section 41; 6. Searches and Seizures, 35 Cyc., p. 1268 (Anno); 7. Criminal Law, 16 C. J., Section 1110; 8. Criminal Law, 17 C. J., Section 3285; 9. Intoxicating Liquors, 33 C. J., Section 397; 10. Intoxicating Liquors, 33 C. J., Section 385; 11. Criminal Law, 16 C. J., Section 1110; 12. Criminal Law, 17 C. J., Section 3285.

FROM DAVIDSON.

Appeal from the Criminal Court of Davidson County. —Hon. J. D. B. De Bow, Judge.

W. H. Swiggart, for the State.

J. C. Edwards, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The grand jury presented W. F. Bass (1) for keeping in stock intoxicating liquors intended for sale contrary to chapter 3, Acts of 1917; (2) for possessing intoxicating liquor contrary to chapter 12, Acts of 1917. There was no arraignment upon the presentment and no defense to it by either motion, demurrer or plea.

The record shows that the cause was heard upon the motion of W. F. Bass by his attorney to quash the search warrant, under which certain liquor was seized at the Bass residence, and for a return of the liquor. The trial court found that a dwelling, a garage, and an outbuilding stood on the lot referred to in the affidavit and search warrant, and the description therein might refer to any of the three, and the description was insufficient because the warrant left it to the discretion of the police as to which of the three buildings on the lot should be searched. Cooly, Const. Lim. (5th Ed.), 370; Tiedeman, Lim. Police Power, 445.

To prevent disturbance of good citizens by the unlawful intrusion of the police, the Constitution and statutes provide that no warrant shall issue to search any citizen's premises without particularly describing the place to be searched. This requirement is met by a description which particularly points to a definitely ascertainable place so as to exclude all others. *Spears* v. *State* (Miss.), 99 So., 361. And the description is sufficient under this rule which enables the officer to locate the place to be searched with reasonable certainty, without leaving it to his discretion. Definite reference to a street number in a given city and State meets the requirement of this rule. *Steele* v. *U. S.*, 45 S. Ct., 414, 267 U. S., 498, 69 L.

Ed., 757; *U. S.* v. *Friedman* (D. C.), 267 F., 856; *Donnelly* v. *State,* 142 N. E., 219, 194 Ind., 136.

As a matter of course where there are two streets in the same city bearing identical names and numbers, or if there be more than one building located at the designated street number, or a number of occupants in possession of different rooms or different apartments at the particular street number, reference to the street number would not afford an accurate description of the premises to be searched. *U. S.* v. *Innelli* (D. C.), 286 F., 731; *Nestor* v. *Commonwealth,* 261 S. W., 270, 202 Ky., 748.

A broad statement of the general rule underlying the foregoing cases is that the description is sufficient which enable the officer to locate the place to be searched with reasonable certainty without leaving to his discretion the choice between one or more places occupied by strangers to the process. Having found the seizure illegal, the court quashed the search warrant and ordered the liquor restored to the owner. The State excepted to the action of the court and appealed, and upon review in a former opinion this court held that the question of the insufficiency of the search warrant could not be made in an independent or collateral proceeding, and that a proceeding seeking restoration of the seized property should be by a direct defense before the justice of the peace to whom the warrant was first returned, or if aggrieved by his determination, by a review upon *certiorari,* and the judgment of the trial court was reversed.

Upon petition of the appellee a rehearing was granted, and upon reconsideration we are of opinion that the procedure indicated by the former conclusion of the court is not permissible under our statutes regulating the is-

suance of search warrants, and under the practice which maintains in this State, because section 7309 of Shannon's Code provides that where the property seized is contraband, that is, possessed with intent to use it in violation of the law, it is the duty of the justice of the peace, before whom the warrant is returned, to retain the seized property in his possession subject to the order of the court to which he is required to return the search and seizure proceedings, and by section 7310 all the proceedings before the justice of the peace must be returned to the circuit or criminal court where action may follow by indictment or presentment.

The practice in the federal courts is that after the case is taken up for trial upon an indictment following the search and seizure, the court will not pause to determine whether the evidence was illegally obtained, and that a defendant desiring to exclude evidence unlawfully sized and to have it restored to his possession must make application to the trial court by motion or petition before the trial commences. *Weeks* v. *United States,* 34 S. Ct. 341, 232 U. S., 383, 58 L. Ed., 652, L. R. A., 1915B, 834, Ann. Cas., 1915C, 1177. But this is not an invariable rule in the federal courts. The cases present some exceptions not necessary to discuss here.

In most of the State courts where the federal rule, excluding evidence illegally obtained, is observed, it is held necessary to seek a return of the property by motion or petition before the trial of the cause, and generally State courts that follow the federal rule refuse to pause in the midst of the trial to determine the legality of a search. In a few jurisdictions it is held that if the question is made at the trial of the accused, the evidence il-

legally obtained and offered in support of a prosecution will be excluded, and the court will pause in the midst of the hearing to determine the competency of such evidence by a hearing apart from the jury, and that a motion may then be made for a return of the property illegally seized, and if such property is illegally seized, that it may be restored to the defendant either during the trial after it appears that it was taken through unlawful search, or at any time subsequent thereto. It is generally held, in both federal and State courts that follow the exclusion rule, that a determination of the question as to whether the property was unlawfully seized, and an order to restore the property, is interlocutory and not appealable. *Wise* v. *Mills,* 31 S. Ct., 597, 220 U. S., 549, 55 L. Ed., 579; *United States* v. *Mattingly,* 285 F., 922, 52 App. D. C., 188.

In the Mattingly case the court said: ''The court by the order determined nothing finally. It passed upon the means by which the government secured possession of the liquor, and upon nothing more . . . An order by the lower court, directing the return of liquor illegeally seized by officers of the government, was held to be not final . . . in *United States* v. *Marquette et al.* [C. C. A.], 270 F., 214.''

*Certiorari* to review the issuance of a search warrant by a justice of the peace was unknown at common law and is not authorized by statute. Under our statutes the custody of the justice of the peace of all the records and proceedings in the search and seizure ends with his determination and when the papers are returned to the circuit or criminal court. After that no proceeding was pending before the justice of the peace, and he was in

possession of no records and papers for a superior court to bring up for review upon *certiorari*. *Quan Chick* v. *Coffey,* 17 P., 427, 75 Cal., 371; *State, Farrow, Prosecutor,* v. *Springer,* 31 A., 215, 57 N. J. Law, 353; *Hoxsey* v. *Woodruff,* 39 N. J. Law, 72.

Another reason that would forbid *certiorari* to review the action of the justice of the peace in a search warrant proceeding is that under our statutes it is apparently the initial step to a criminal proceeding. It is a part of the criminal proceeding, and the action of the justice of the peace in impounding the property is not a final determination, for the property is seized and held subject to the orders of the circuit or criminal court, to which the justice is required to report his action in its entirety. Under well-defined practices and modes of procedure already adopted in this State, an aggrieved citizen is afforded full means of redress for wrongs done in a search and seizure proceeding.

In *Hughes* v. *State,* 238 S. W., 588, 145 Tenn., 544, 20 A. L. R., 639, this court approved the proposition stated by the federal courts and fourteen or more State courts, that the State in dealing with the citizen should observe its own laws, and that evidence obtained by the State through an unlawful search and seizure, when offered in a criminal prosecution, will be excluded upon timely objection by the accused whose rights were invaded.

When liquor was declared contraband, existing rules of procedure were applied. Formerly, when documentary or other evidence was unlawfully seized and in custody of an officer of the court, a motion before the court where a prosecution was pending, supported by affidavit or petition, disclosing the fact of an unlawful seizure was

entertained by the court, and documents and papers thus unlawfully seized were ordered restored to an aggrieved citizen, and the prosecution was required to otherwise make out its case or dismiss the charge. *Weeks* v. *United States,* 34 S. Ct., 341, 232 U. S., 383, 58 L. Ed., 652, L. R. A., 1915B, 834, Ann. Cas., 1915C, 1177.

Where documents or other things were seized under a search warrant void for defects apparent upon its face the warrant was vacated and the thing taken under it returned upon motion made before arraignment and trial so as to prevent use of the thing illegally seized as evidence against the accused. For defects not apparent upon the face of the warrant, most of the courts require a petition setting forth extraneous facts if such are insisted upon in the charge that the seizure was unlawful. *Gallagher* v. *United States* (C. C. A.), 6 F. (2), 758.

Under such proceedings, the right of the police to hold the thing they seized as evidence depends entirely (1) upon whether possession was lawfully obtained; (2) whether the thing seized was of an evidentiary character. Where the thing was unlawfully seized and a criminal proceeding is pending, the usual practice to obtain possession of the thing intended to be used as evidence is by application to the court before whom the indictment is pending. The practice in the federal courts rests upon the idea that a United States commissioner is an administrative officer of the court, and we may say that in Tennessee justices of the peace, being clothed with similar duties, occupy a somewhat similar relation to the State courts.

Most of the States that observe the exclusion rule that maintains in the federal courts follow the federal practice and require a motion or petition for the suppression of the evidence and the return of the thing seized where the seizure was unlawful. As indicated heretofore, the federal practice requires that the motion be made in advance of the trial, and the motion must be supported by affidavits upon which the court may act and decide whether the property was illegally seized. *People* v. *Marxhausen,* 171 N. W., 557, 204 Mich., 559, 3 A. L. R., 1505; *Youman* v. *Commonwealth,* 224 S. W., 860, 189 Ky., 152, 13 A. L. R., 1303; *Tucker* v. *State,* 90 So., 845, 128 Miss., 211, 24 A. L. R., 1377.

As heretofore indicated, the federal courts refuse to pause in the midst of a hearing to inquire into the manner by which the evidence was obtained, and if a person desires to exclude evidence unlawfully obtained and have it restored so it may not be used in the prosecution, it must be done by motion or petition before the trial is commenced, or at least as soon as it becomes known to him that evidence illegally obtained is about to be used against him. *Weeks* v. *United States,* supra; *Amos* v. *United States,* 41 S. Ct., 266, 255 U. S., 313, 65 L. Ed., 654; *Gouled* v. *United States,* 41 S. Ct., 261, 255 U. S., 298, 65 L. Ed., 647.

The rule applicable to documents and things not contraband, but of an evidentiary value, is not always applied by the federal courts in liquor cases. In some of these cases the courts decline to act upon a preliminary motion to suppress the evidence and proceed with the hearing, during which, if it develops that the liquor was

State v. Bass.

unlawfully seized, it is then restored to the owner. *Panzich* v. *United States* (C. C. A.), 285 F., 871.

In some cases it is held that, though suppressed as evidence because unlawfully seized, contraband such as illicit stills, liquor, implements of crime, and stolen goods, will not be restored to the person from whom taken. *Haywood* v. *United States* (C. C. A.), 268 F., 795.

In the federal and State courts that follow the exclusion rule where the petitioner or the mover for suppression of the evidence and return of the goods is the defendant in a pending criminal proceeding, it is held that an order to suppress the evidence and restore the goods because illegally seized is interlocutory and not appealable. *Wise* v. *Mills*, 31 S. Ct., 597, 220 U. S., 549, 55 L. Ed., 579; *Coastwise Lumber & Supply Co.* v. *United States*, 259 F., 847, 170 C. C. A., 647; *United States* v. *Mattingly,* supra; *United States* v. *Marquette,* supra.

Contrary to the practice in most of the jurisdictions referred to, our courts pause in the midst of the trial upon an indictment to determine by a preliminary inquiry, if necessary, whether the search and seizure through which the evidence offered was obtained was in violation of the constitutional rights of the accused. *Goodwin* v. *State,* 257 S. W., 79, 148 Tenn., 682. And if it appears that the seizure was illegal, and the evidence unlawfully obtained, it will be excluded. *Hughes* v. *State,* supra; *Craven* v. *State,* 256 S. W., 431, 148 Tenn., 517; *Hampton* v. *State,* 252 S. W., 1007, 148 Tenn., 155. In *Tenpenny* v. *State,* 270 S. W., 989, 151 Tenn., 669, the practice observed in *Goodwin* v. *State* was approved.

It reasonably follows the application of these rules of procedure that any order of the court to suppress evi-

dence illegally obtained and prevent its use against the person charged with an offense is interlocutory and not final. Such a proceeding is only an incident to the main case and not at all determinative of it.

The presentment in this case is based upon chapter 3, Acts of 1917, section 3 of which provides for the seizure of contraband liquor, and for its detention until the criminal prosecution is determined, and if there is a conviction under the indictment, the act requires that the court write in the order a direction that the sheriff destroy the liquor. It would follow as a matter of course that if the trial of the cause showed that the liquor was not unlawfully possessed, the accused could not be convicted and the liquor would be restored to him.

By section 7309 of Shannon's Code it is required that the thing seized, in this case liquor, shall be held subject to the order of the criminal court. Under both of these statutes the liquor in controversy is subject to the orders of the criminal court wherein the indictment is pending.

As outlined above, the procedure in this State affords a citizen aggrieved by an unlawful search and seizure full means of redress. Through our procedure the evidence, if obtained by unlawful search and seizure, is suppressed when offered by the State.

Whatever may be said about the preliminary step, whether by motion or petition, for the restoration of the thing seized, its purpose after all is, not to determine property rights, but to suppress illegally obtained evidence. Any order invoked, at whatever stage of the case, for the purpose of suppressing the evidence because illegally procured, is an order in the case that springs

State v. Bass.

from the indictment founded upon the initial search and seizure proceeding. Such an order is but a step in the progress of the case, not final but essentially interlocutory, and not reviewable, except upon appeal after final judgment in the case wherein the interlocutory order was entered. The reason for the rule, intended to avoid delay incident to multiplied appeals, is well stated in *Rutherford* v. *Richardson,* 1 Sneed, 609, and *Payne* v. *Satterfield,* 84 S. W., 800, 114 Tenn., 58.

The appeal is dismissed.