UNITED STATES v. SEATTLE BREWING & MALTING CO.

(District Court, D. Washington, N. D.    February 27, 1905.)

No. 2,765.

ACTION FOR PENALTY—BAR—ACQUITTAL OF CRIMINAL OFFENSE.

Where defendant was acquitted in a criminal prosecution for causing to be transported certain casks containing bottled beer falsely marked as containing bottled soda water, such acquittal was a bar to the subsequent maintenance of an action by the United States to forfeit the property and recover a penalty for the same act imposed by Rev. St. § 3449 [U. S. Comp. St. 1901, p. 2277].

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1078.]

On Demurrer to Special Plea.

Civil action by the United States to collect a fine of $500, for which the defendant is alleged to have become liable under section 3449, Rev. St. [U. S. Comp. St. 1901, p. 2277], for having caused the transportation of certain casks containing bottled beer from its place of business, in the city of Seattle, to a place in Chelan county, in this state; said casks being falsely marked and designated as containing bottled soda water. In its answer the defendant pleads as an affirmative defense that previous to the commencement of this action the defendant was indicted by a grand jury of the United States in this court, and, having entered its plea of not guilty, a trial was had, resulting in a verdict of not guilty, upon which a final judgment was entered in favor

of the defendant; that all the matters and things set forth and charged in the information in this case were set forth and charged in said indictment, and are identical with said matters and things therein set forth and charged; and that all of the evdence which will be necessary to establish the allegations of the information in this case would have been competent to establish the charges of said indictment. Heard upon a demurrer to said special plea. Demurrer overruled.

Alfred E. Gardner, Asst. U. S. Atty.

G. M. Emory, for defendant.

HANFORD, District Judge. The question whether the government, after having been defeated in the prosecution of a criminal case against a defendant for the doing of a prohibited act, may, by waging a civil action against him, enforce the provisions of a penal statute by condemnation of property as forfeited, and compelling the defendant to pay a fine, was learnedly discussed and finally determined by the Supreme Court of the United States in the case of Coffey v. United States, 116 U. S. 436, 444, 6 Sup. Ct. 437, 29 L. Ed. 684. In later decisions by the Supreme Court the Coffey Case has been referred to, but without modifying or departing from the rule which it established. See Stone v. United States, 167 U. S. 178, 196, 17 Sup. Ct. 778, 42 L. Ed. 127. The affirmative allegations of the answer bring this case fairly and fully within the rule of the Coffey Case, and this court cannot hesitate in its duty to overrule the demurrer interposed in behalf of the government.

The learned attorney for the United States appears to have understood this court as expressing an opinion that a civil action might be maintained against the defendant to recover the penalty for having transported beer under a false description, at the time of rendering its decision upon the trial of the criminal case, when the court directed the jury to render a verdict of not guilty. It was then said by the court that:

"There is an abundance of evidence to support a verdict that the defendant sold and shipped the beer, and as a corporation, it is chargeable with all the civil liability from the business transaction. The criminality, however, charged in this indictment, is in marking the beer and shipping it under a false description; and, as to the fact of shipping in that manner, there is no evidence to charge the corporation with that as a corporate act."

That decision was based upon uncontradicted evidence proving that the false marking of the casks which were removed for transportation from the defendant's brewery was the unauthorized and clandestine act of one of the defendant's employés, and there was no intention to violate the law on the part of the defendant as a body corporate, as no officer or agent invested with the corporate powers participated in or had knowledge of the transaction. The court did not say, nor intend to indicate, that a mistake had been made in the form of procedure, nor that a civil action could be maintained to collect the fine or any forfeiture. If the defendant incurred liability to the government for any loss or subtraction of revenue by means of the transaction, the verdict and judgment in the criminal proceeding constitute no bar to the recovery in a civil action of money equivalent to the loss, but an action by the government to recover compensation for the loss of property is quite

different from an action to collect a fine, as a mere punishment for the doing of an unlawful act. A civil action by the government to recover the value of its property wrongfully converted was sustained by this court, and a judgment in favor of the government was rendered against a defendant who had been previously acquitted in a criminal prosecution against him for a violation of law in unlawfully cutting and removing timber from the public lands of the United States, and that judgment was affirmed by the Circuit Court of Appeals for the Ninth Circuit, and by the Supreme Court of the United States; the case being Stone v. United States, above cited. In the progress of the civil action, the Coffey Case was pressed upon the attention of the different courts, but they all concurred in holding that the cases were distinguishable by the fact that in the civil case the government was not prosecuting to punish a criminal, but merely to recover compensation for a loss of property. The distinction between an action to recover compensation and a proceeding to punish for the doing of a prohibited act was in the mind of the court at the time of directing a verdict in favor of this defendant, and I consider that it was suggested, and that nothing else was indicated in the remark above quoted.

Demurrer overruled.