CANEPERI *et al. v.* STATE.

(*Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

H. R. RATCLIFF, of Memphis, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In the principal case complainant and George Collins were tried under an indictment charging transportation of intoxicating liquors. The proof showed that they were arrested driving a truck loaded with whisky, some 132 cases, into Memphis about 2 A. M., as they had turned off toward the home of Caneperi. The defense was that they were conveying the liquor interstate, from Fulton, Ky., to Shreveport, La. They were acquitted by the jury.

Upon the arrest the whisky was taken over by the

sheriff and five days before the trial a petition was filed by C. & G. Liquor Company of Fulton, praying for return of the liquor to the petitioner, claiming to be the shipper, and asserting that it was not being illegally transported for the reasons above suggested. The petition was filed under Code, section 11231, which, together with immediately succeeding sections, governs the procedure.

Hearing was had before the circuit judge on the evidence and, on that only, adduced on the trial of the defendants above named for transporting, this being by agreement of the parties. The trial judge found against petitioner and refused to return the liquor, being of opinion that it was being possessed and transported unlawfully. Petitioner appeals, assigning as error (1) the holding on the facts, it being contended not only that there was no material evidence to sustain the finding, but that the trial judge was bound by the finding of the jury as indicated by its verdict of not guilty of the truck drivers; (2) the admission of the testimony of a witness, Willis, objected to as hearsay; and (3) the refusal of the trial judge to submit the matter of the petition to a jury, on the ground that trial by jury is guaranteed by the Constitution when property rights are involved.

(1) We are satisfied that the record contains material evidence to sustain the finding of the trial judge on the facts. The use of quite apparently bogus documents to support the claim of interstate shipment, and markings on the packages designating Memphis bootlegger consignees, in connection with the attested reputations of the parties, constituted material evidence. Nor do we find any support for the insistence that the trial

judge was bound by the verdict, of not guilty. How or by what considerations the jury was influenced to its verdict acquitting the drivers of the truck, it is not necessary to determine. The ways of juries are past finding out. And there is no suggestion in the statute that the judgment of the trial judge in this special and separate proceeding is to be controlled by the result of the criminal prosecution. If this had been the intention of the Legislature, it would have provided for the return or delivery of the liquor automatically, upon a verdict of acquittal of the crime charged. The verdict of not guilty is a finding only that the individuals on trial are not guilty of the offense charged, and is not necessarily a finding that the liquor was not itself in illegal transportation.

(2) Conceding that the challenge to the testimony of witness Willis made on the trial of the truck drivers might be complained of on this appeal, we find no error in this regard. The witness knew the men apparently designated by the markings on the packages and knew their reputations. It was not necessary that he should have seen them make sales. The objections went only to the weight of the testimony. Reputation is always based on hearsay.

(3) Code, section 11237, reads: "The hearing of such petition shall be had in a summary manner, before the court sitting without a jury." This practice was followed. No constitutionally secured rights were denied by a refusal of a jury. The point is, in effect, ruled by the holding of this court in *State ex rel. Timothy* v. *Howse*, 134 Tenn., 67, 183 S. W., 510, 514, L. R. A., 1916D, 1090, Ann. Cas., 1917C, 1125. That was an ouster

case, but the principles announced control. A "summary" proceeding was defined to be, quoting Bouvier, "a form of trial in which the established course of legal proceeding is disregarded, especially in the matter of trial by jury," citing, also, other authorities.

■ It was held that the constitutional provision, article 1, section 6, "The right of trial by jury shall remain inviolate," is without application to summary proceedings, which are not according to the course of the common law. The well-settled meaning of this constitutional provision is, that the right of trial by jury shall remain inviolate, as it existed at common law at the time of the formation of the Constitution. *Neely* v. *State*, 4 Baxt., 174, 180; *McGinnis* v. *State*, 9 Humph., 43 49 Am. Dec., 697; *Marler* v. *Wear*, 117 Tenn., 244, 96 S. W., 447; *State* v. *Sexton*, 121 Tenn., 35, 114 S. W. 494; *Manning* v. *State*, 155 Tenn., 266, 292 S. W., 451; *Trigally* v. *Mayor, etc., of City of Memphis*, 6 Cold., 382.

It results that the assignments are overruled and the judgment affirmed.