AMBRESTER *v.* STATE.

(*Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

RAULSTON & RAULSTON, of South Pittsburg, for plaintiff in error, Harry Ambrester.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

By this proceeding the petitioner, Harry Ambrester, asks that twenty-five cases, or seventy-five gallons of bottled and bond whisky, which was illegally seized by the sheriff of Marion County, be restored to his possession. We quote from the petition as follows:

"Petitioner avers that the said liquors, when thus seized and taken from his possession, were within his curtilage or the grounds immediately surrounding his place of residence, and that the same were seized and removed without a search warrant authorizing such, or without any legal authority for such, and that he has a right to have the said intoxicating liquors restored to him.

"Petitioner further avers that he was heretofore indicted for the possession of said liquors, and that he was acquitted and the indictment was quashed on the grounds that the seizure and search of the same was unlawful."

The State, by the District Attorney-General, filed an answer in which it was alleged that regardless of the legality of the search the petitioner was unlawfully in the possession of the whisky seized, and was not entitled to have it returned to his possession.

The trial court dismissed the petition, and the petitioner has appealed to this court, and, by assignments of error, insists that this court should order this whisky restored to his possession.

The petition does not allege that the petitioner was in the lawful possession of the whisky at the time of its seizure, and no evidence to that effect was introduced or offered on the hearing. The following provisions of the Code are pertinent to this inquiry, to-wit:

"11233. Where any person claims an interest in any liquor seized in accordance with the provisions of this article, the court shall hear and determine the question of the right of such person so claiming an interest in such liquors; but no person shall be deemed to have any property right in any intoxicating liquors transported, received, or possessed in violation of the laws of this state; and if the court upon the hearing of any petition alleging ownership of, or an interest in intoxicating liquors, shall ascertain that the same have been received, transported, or possessed in violation of any law of this state, he shall adjudge the same a nuisance and order the destruction thereof by the sheriff as set out in section 11232.

"11234. In proceedings under this and the two preceding articles the possession of intoxicating liquors, except by persons expressly authorized to transport, receive, or possess the same under the laws of this state, shall be prima facie evidence that such liquors have been transported, received, or possessed in violation of the laws of this state."

■ Giving effect to these statutes, it follows that the presumption of illegal possession must prevail and the prayer of the petition denied. In 56 C. J., 1251, it is said: "It is a general rule that contraband or property, the possession of which is illegal, cannot be returned to accused from whom it was unlawfully taken, since that

would make him a criminal when he became repossessed of it.''

If petitioner was not in the lawful possession of this whisky, this court should refrain from making him a criminal by ordering it restored to his possession.

The petition avers that petitioner was acquitted on the ground of the illegality of the search and seizure. It does not appear that he was acquitted because in lawful possession of the whisky.

As was pointed out in *State* v. *Bass*, 153 Tenn., 162, 174, 281 S. W., 936, the purpose in preliminarily asking that the search warrant be quashed is not to determine property rights, but to suppress illegally obtained evidence. Such, it seems, was the procedure in this case. The legality of possession was not an issue. It was expressly held, furthermore, in *Caneperi* v. *State*, 169 Tenn., 472, 89 S. W. (2d), 164, that the verdict of the jury upon the original prosecution for the possession of such liquors is of no effect in a proceeding of this character.

In the opinion in *Homolko* v. *State*, 155 Tenn., 467, 471, 295 S. W., 66, 67, it was inadvertently stated that: ''It would, of course, be the duty of the court having control of the property, upon a showing that it was illegally seized, to restore it to the owner.'' That question was not involved in that case, and the court had in mind property that was lawfully possessed when illegally seized.

For the reasons set forth herein, the judgment of the trial court will be affirmed.