**STEWART et al. v. STATE.**

**No. 6605.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 29, 1951.

Rehearing Denied Jan. 10, 1952.

Jones, Jones & Brian, Paul Anderson, Marshall, for appellants.

Price Daniel, Atty. Gen., Joe S. Moore, Asst. Atty. Gen., William L. Taylor, Marshall, for appellee.

WILLIAMS, Justice.

B. F. Stewart, Roy Bayless and Carol Clodfelter, defendants below, appeal from a judgment which ordered a load of intoxicating beverages forfeited to the State of Texas in a suit brought by the State to declare such forfeiture under the provisions of Art. 666, Sec. 42, Vernon's Texas P.C.

Defendant Bayless, while operating a 1½ ton tractor truck with trailer on U. S. Highway 80 in and through the city limits of Waskom, Harrison County, Texas, was stopped at about 12:30 A.M., on March 7, 1951, and placed under arrest by the constable of that precinct for the operation of the truck within the city limits at an alleged speed in excess of 30 miles an hour in violation of Art. 827a, Sec. 8, V.P.C. The constable, after ascertaining that Bayless had his driver's license, asked to see the manifest or bill of lading on his load. Seeing that the manifest called for a load of cotton-seed and soy-bean meal and cake, the officer asked, "Would you mind if I checked the truck," and "we went back to the rear of the truck, and they opened one of the doors on the rear for me—they didn't say anything, looked at one another, and opened the door." The officer's flashlight revealed the true contents.

The truck contained a large quantity of whiskey and other intoxicating liquors, as fully itemized in the pleadings and judgment. This cargo of intoxicants belonged to defendant Stewart, who in his cross-action sought the return of the liquors involved. The truck which was registered in Stewart's name, was released to an Oklahoma bank, the holder and owner of a valid unsatisfied mortgage lien against it. At the time here involved, Bayless was acting in the course of his employment under instructions from Stewart.

In the trial held the following day, Bayless pleaded not guilty to the complaint filed in the Justice's court immediately after his arrest, which charged him with a violation of Art. 827a, Sec. 8, supra, namely, "speeding" in the city limits of Waskom, Texas. A jury being waived, the justice of the peace after hearing the evidence adduced by the State and defendant found the defendant "not guilty" as charged. Under the points presented, concisely stated, appellants contend that because this

officer having stopped and detained the truck on the sole and only ground that the officer believed Bayless was speeding at the time, and it having been judicially determined in the justice court, which had jurisdiction, that he was not speeding, this was "res adjudicata against the State in this forfeiture action quasi in rem."

■ In support of this plea of res adjudicata and their attack upon the admissibility of any facts and circumstances that dealt with the speed of the truck and the constable's action in respect thereto, and the arrest and search that followed, appellants cite Coffey v. U. S., 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684; U. S. v. Seattle Brewing & Malting Co., D.C., 135 F. 597, and U. S. v. One De Soto Sedan, 1946 Model, D. C., 85 F.Supp. 245. The nature or character of the commodity necessary or pertinent to decision in above cases was also involved and necessary to decision in a former trial. The subject matter for adjudication here is not the same that was adjudicated in the justice court. The trial in the justice court dealt solely with the operation of a motor vehicle at a certain time and place at an alleged rate of speed in violation of Art. 827a, Sec. 8, supra. The possession or transportation of intoxicating liquors in a dry area, with or without a permit, or whether the truck was loaded with cotton-seed meal or any other commodity, was not involved and not an issue in the trial on the charge of speeding. "Probable cause" for the arrest was not there involved. For the foregoing reasons, it is concluded that the decree entered in the criminal action in the justice court is not res adjudicata of the present civil action in the district court. 26 T.J., Judgments, Secs. 377, 406, 407 and 408; Caneperi v. State, 169 Tenn. 472, 89 S.W. 2d 164; Ambrester v. State, 172 Tenn. 144, 110 S.W.2d 332; State v. Compton, 142 Tex. 494, 179 S.W.2d 501; Art. 666–42(a) V.P.C.; 48 C.J.S., Intoxicating Liquors, § 379, p. 657.

■ The validity of the arrest of Bayless or the existence of "probable cause" for making the arrest is not to be based upon the results of a trial on the criminal charge of "speeding," whether guilty or not guilty. The legality of an arrest is to be determined under the facts and circumstances which existed at the time and place of the arrest. " * * * it did not depend on the final result of the charge upon which the arrest was made." Kirbie v. State, 5 Tex.App. 60; 4 Tex.Jur., p. 772.

■ The evidence which developed the facts and circumstances surrounding the arrest and subsequent search here involved was admissible in the instant trial. From this evidence so adduced, the trial court found that Bayless did not have any permit to transport this liquor into or through Harrison County, a dry area in Texas, which prohibits the sale, transportation and possession of intoxicating liquors as defined in Arts. 666–3a, 666–4(a, b), V. P.C.; that he was in possession of such liquors in said dry area; the same was not for his own personal use; and that he and Clodfelter were in possession of and transporting illicit alcoholic beverages within Harrison County, Texas, which had been brought out of Louisiana into Texas; that under the evidence adduced in the instant trial, the defendant Bayless was operating the truck within the city limits of Waskom in excess of 30 miles an hour; that Coleman, the officer, had reasons to believe and did so believe that Bayless was operating this truck in excess of 30 miles an hour and this officer had probable cause to stop the truck being driven by Bayless. The court further found from the evidence adduced that "Bayless and his passenger, Clodfelter, made no objection to the officer's request to search the truck but that to the contrary said Bayless and Clodfelter voluntarily opened the truck into which the officer looked and found the liquor."

Appellants concede that "if a misdemeanor (speeding) was actually being committed in the presence of the constable at the time or if he had 'probable cause' to suppose that an offense against the peace and dignity of the state was being committed at the time, then the subsequent search and seizure was lawful and there is no merit in this appeal."

The judgment of the court that "such illicit alcoholic beverages seized from Bayless be forfeited to the state for proper disposition as directed by the Texas Liquor Control Board" is affirmed.

Judgment affirmed.

HALL, C. J., not sitting.