STATE OF TENNESSEE

*v.*

A. Y. MCCRARY.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

HENRY C. FOUTCH, Assistant Attorney General, LODGE EVANS, District Attorney General, Elizabethton, for plaintiff in error.

MAX C. WILSON, Kingsport, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

McCrary was indicted for possessing a male deer without antlers in violation of Section 51-425, T.C.A. The case was tried to a jury under this indictment and this body found McCrary not guilty. After this finding by the jury the trial judge, on motion, ordered the jeep-automobile and gun which the Conservation Officers had taken into possession when they found the deer in his car, returned to the defendant. It was from this order of the trial judge, in ordering this personal property returned to McCrary, that exception was taken and an appeal prayed to this Court. Briefs have been filed and we now have the matter for determination.

The exclusive remedy for recovery of property thus seized as contraband in violation of the Game and Fish Laws of this State is contained in Sections 51-707 through 51-715, T.C.A.

Insofar as here applicable Section 51-707, T.C.A. provides that equipment thus seized and confiscated is contraband and shall be forfeited to the State upon seizure. The Director of the Game and Fish Commission is authorized to sell said property at public auction within 30 days. Section 51-708, T.C.A. provides that if no claim is interposed the property is forfeited and is to be sold under the Section last above referred to. Section 51-709, T.C.A., provides that if any one wishes to claim this property that they may do so at any time within 10

days from its seizure by filing with the Director of the Game and Fish Commission at Nashville a claim where it is heard by the Director. Section 51-712, T.C.A. provides that if after the hearing the Director decides against the claimant the cause may be appealed by the common law writ of certiorari to the Circuit Court of the County in which the property is seized. Section 51-715, T.C.A. provides for the procedure to be followed under such a claim and provides that:

"and the court shall not have jurisdiction to interfere therewith by replevin, injunction, supersedeas, or in any other manner except as herein provided."

This quoted language is in reference and provides directly that the sole remedy of the claimant for this property is through the procedure above outlined that is by filing a claim with the Director of the Game and Fish Commission which in turn may be appealed.

Section 51-706, T.C.A. provides that when property is thus seized for violation of the Game and Fish laws that:

"Upon conviction, the court or jury trying the case shall, except as provided in secs. 51-425—51-428, 51-707 —51-715, determine whether or not the things seized shall be declared contraband. When any item is declared contraband, the court shall enter an order accordingly and the contraband property shall be placed in the custody of the arresting officer, to be delivered to the director of game and fish, who shall advertise and sell the same at the courthouse of the county in which the offense was committed, as provided by law for sales under execution, provided that the director shall destroy or cause to be destroyed prohibited devices."

■ Clearly under the language above quoted and under the Sections above referred to the Legislature made no provision for the court which tries the criminal case for violation of this Game and Fish law to determine whether or not the seized property is contraband in the event of the acquittal as to the criminal charge. If the Legislature had desired or thought that this was feasible they would have done so in the Act last above quoted from, but to the contrary they only provided in the case the man was convicted that the court determine this question. It thus seems to us that the trial judge in this case was wrong or committed error when he adjudged that the seized property is not contraband. The Act gave him no such authority.

■ Ordinarily in this type of case a proceeding to recover property seized as contraband is civil in nature, separate, distinct, and divorced, entirely from the criminal prosecution growing out of the same set of facts. A jury verdict of acquittal in the criminal case is not binding on the court or the commission having jurisdiction over the proceeding for the recovery of the seized property.

This Court in a similar situation wherein liquor was seized and held as contraband and the conveyor of this liquor was indicted and acquitted by the jury for transporting this liquor, held that:

"If this had been the intention of the Legislature, (that is that the trial judge in the trial of the criminal case return the contraband to the claimant), it would have provided for the return or delivery of the liquor automatically, upon a verdict of acquittal of the crime charged. The verdict of not guilty is a finding only

that the individuals on trial are not guilty of the offense charged, and is not necessarily a finding that the liquor was not itself in illegal transportation." *Caneperi v. State,* 169 Tenn. 472, at page 475, 89 S.W. 2d 164, at page 165.

It seems to us that there is another reason why the trial judge committed error herein. The defendant at first invoked the jurisdiction of the Game and Fish Commission under the acts hereinabove referred to for determination of the question of whether or not this was contraband by filing a petition with the Director. This jurisdiction, it seems to us, remains with the Commission, and the trial judge was without authority to supersede the jurisdiction of the tribunal which at first obtained jurisdiction. This was in effect the holding of this Court in *Casone v. State,* 176 Tenn. 279, 140 S.W.2d 1081, where at page 285 of 176 Tenn. at page 1083 of 140 S.W.2d, this Court after quoting language there in reference to the reclamation procedure before a Commission which is practically the identical language above quoted as to the remedy of the claimant wherein in the Acts applicable therein the Legislature had provided that:

"'* * * no court shall have jurisdiction to interfere therewith by replevin, injunction or in any other manner." Pub. Acts 1939, c. 49, sec. 19; c. 194. "Plainly this prohibition against interference by the courts relates to cases where the Commissioner has seized the liquors or the vehicle. No court is to interfere with his jurisdiction in such cases—that jurisdiction having attached."

■ Harshness and hardship resulting from the methods prescribed by the Statute for seizure, selling seized property, etc., as a result of the violation of these Game and Fish Laws is not justification for a court to assume jurisdiction where no jurisdiction lies in the first place. *Monroe v. State,* 194 Tenn. 519, 253 S.W.2d 734; *Findlay v. Monroe,* 196 Tenn. 690, 270 S.W.2d 325.

After due consideration we are constrained to reverse the order of the Circuit Judge in ordering the contraband here returned to the claimant. The result is the claimant may follow his statutory methods and remedies and rights under the Game and Fish Acts hereinabove referred to.