**ALCOHOLIC BEVERAGE COMMISSION, Petitioner,**

**v.**

**George B. SIMMONS, Respondent.**

Court of Criminal Appeals of Tennessee.

Nov. 5, 1973.

David M. Pack, Atty. Gen., and Phillip W. Brooks, Asst. Atty. Gen., Nashville, for petitioner.

Bernard K. Smith, Smith & Stanley, McMinnville, for respondent.

MITCHELL, Judge.

## OPINION

This is a Certiorari and Supersedeas proceeding brought by the Tennessee Alcholic Beverage Commission, who will be referred to as ABC or by name, against George B. Simmons Respondent to test the legality of the Order of the Circuit Court of Warren County, Tennessee, concerning seizure and disposition of intoxicating liquors confiscated by Agents of ABC.

According to allegations in the petition, ABC Agents bought mixed drinks and a pint of intoxicating liquor at the V.F.W. Club, where the respondent Simmons was employed, in McMinnville Tennessee, on two occasions, February 14, 1973 and again on February 22, 1973. The ABC Agents immediately thereafter, under the authority of a search warrant, searched the V.F.W. Club in question where they found and seized 61 quarts, 65 fifths, 110 pints and 118 half pints of tax paid intoxicating liquor which they found in cabinets behind the bar and in stock rooms of the Club. In due time the liquors confiscated were transported to Nashville and placed in a vault in the Cordell Hull Building where they await sale by the Commission of Standards and Purchases.

On May 24, 1973 the respondent George B. Simmons was indicted in the Circuit Court of Warren County, apparently in two cases, for unlawful possession of the liquor in question. A Xerox copy of the Criminal Trial Docket of the Warren County Circuit Court, attached to respondent's motion shows the Attorney General elected to try 2497, and another entry of 6–1–73 shows "Nolle."

There is attached to the ABC petition a certified copy of the Order of the Judge of

the Circuit Court of Warren County which is as follows:

"IN THE CIRCUIT COURT OF WARREN
COUNTY, TENNESSEE

STATE OF TENNESSEE
    Plaintiff
VS.            NO: M–2498
GEORGE B. SIMMONS
    Defendant

### ORDER

It is hereby ordered that the Alcoholic Beverage Commission shall within ten (10) days, return to the defendant that liquor which was seized on the 22nd day of February, 1973, at the VFW Club in McMinnville, Tennessee, alcoholic beverage receipt no. 1055, the same being 61 quarts, 65 fifths, 110 pints and 118 half pints of intoxicating liquor for the reason that the State of Tennessee failed to prove that said intoxicating beverages were unlawfully held.

ENTER this the 1st day of June, 1973.

      Robert S. Brady (Signature)
           Judge
(Signature)
Larry B. Stanley,
Attorney for Defendant"

The liquors in question were not seized by County officers, but by Agents of the Tennessee Alcoholic Beverage Commission and have since remained in their custody.

The question for determination is whether the Circuit Court of Warren County had the power and authority to order the liquors which had been confiscated by Agents of the Tennessee Alcoholic Beverage Commission to be returned to the defendant Simmons after he had been acquitted of the criminal charges against him, arising out of the alleged illegal possession and handling of such liquors.

The Tennessee Alcoholic Beverage Commission contends that the proper procedure for return of liquors confiscated by ABC Agents is set out in T.C.A. Sections 57–616, 57–622 and 57–623 which provide a civil remedy to a claimant of seized liquor.

T.C.A. 57–616 provides in part:

*"Sale of seized liquor—Any intoxicating liquors* seized in accordance with the provisions of §§ 57–601—57–621, upon which federal tax has been paid *shall be turned over to the alcoholic beverage commission* for sale as contraband in accordance with the provisions of §§ 57–622—57–627." . . . (Emphasis ours).

■ T.C.A. 57–601 to 57–621 generally set out the procedure for seizing and disposing of contraband goods prior to creation of the alcoholic beverage commission by Chapter 257 of the Public Acts of Tennessee, 1963. It appears then that where contraband liquor has been confiscated under the procedures set out in T.C.A. 57–601 to 57–621, that liquor must be turned over to the alcoholic beverage commission as required by T.C.A. 57–616 for sale as contraband in accordance with T.C.A. 57–622, 57–623.

■ When the alcoholic beverage commission has obtained possession of the contraband liquor and the claimant of the liquor seeks to recover it from the alcoholic beverage commission, he must follow the procedure outlined in T.C.A. 57–623, which provides in part that:

T.C.A. 57–623 . . . "Any person claiming any property so seized as contraband goods may, within fifteen (15) days from the date of receipt of notification of seizure, and after executing a bond for costs with one or more good and solvent sureties in the sum of two hundred fifty dollars ($250), made payable to the state of Tennessee, file with the commission at Nashville a claim in writing, requesting a hearing and stating his interest in the articles seized. The commission shall set a date for hearing within fifteen (15) days from the day the claim is filed. The alcoholic beverage commission is empowered to subpoena witnesses and compel their attendance at hearings authorized hereunder. All parties to the proceeding, including the

person claiming such property, shall have the right to have subpoenas issued by the commission to compel the attendance of all witnesses deemed by such parties to be necessary for a full and complete hearing. All witnesses shall be entitled to the witness fees and mileage provided by law for legal witnesses, which fees and mileage shall be paid as a part of the costs of such proceeding.

In the event the ruling of the commission is favorable to the claimant, the commission shall deliver to the claimant the alcoholic beverages or property so seized. If the ruling of the commission is adverse to the claimant, the commission shall proceed to sell such contraband goods in accordance with the foregoing provisions hereof. The expenses of storage, transportation, etc., shall be adjudged as a part of the cost of the proceeding in such manner as the commission shall fix."

■ If the claimant is dissatisfied with the outcome of the hearings held by the alcoholic beverage commission he may appeal in accordance with T.C.A. 57–624, which provides as follows:

T.C.A. 57–624. "Review of action of commissioner—Appeal to Supreme Court. —The action of the alcoholic beverage commission maybe reviewed by petition for common law writ of certiorari, addressed to the circuit court of Davidson County which petition shall be filed within ten (10) days from the date the order of the commission is made.

Immediately upon the grant of the writ of certiorari the commission shall cause to be made, certified and forwarded to said court a complete transcript of the proceedings in said cause, which shall contain all the proof submitted before the commission. All defendants named in the petition desiring to make defense shall answer or otherwise plead to said petition within ten (10) days from the date of the filing of said transcript unless the time be extended by the court.

Said decision of the commission shall be reviewed by the circuit court solely upon the pleadings and the transcript of the proceedings before the commission, and neither party shall be entitled to introduce any additional evidence in the circuit court. The confiscated goods shall not be sold pending such review, but shall be stored by the commission until the final disposition of said case.

Within the discretion of the commission, the claimant may be awarded possession of said confiscated goods pending the decision of the circuit court under the petition of certiorari, provided, the claimant shall be required to execute a bond payable to the state of Tennessee in an amount double the value of the property seized, the sureties to be approved by the commission. The condition of the bond shall be that the obligors shall pay to the state, through the department, the full value of the goods or property seized, unless upon certiorari the decision of the commission shall be reversed and the property awarded to the claimant.

Either party dissatisfied with the judgment or decree of the circuit court may upon giving bond as required in other suits, appeal to the Supreme Court, and have a reexamination, in that court, of the whole matter of law and fact appearing in the record. Provided that when any such appeal is made the clerk of the circuit court in which such suit was pending shall include as a part of the record the original certified transcript of the proceedings had before the commission when identified by the trial judge instead of a bill of exceptions, which need not be made and filed. Said appeal shall be advanced upon the docket of the Supreme Court, as one of such precedence, and heard as promptly as practicable. (Acts 1941, ch. 119, Section 3; 1945, ch. 88, Section 1; C.Supp. 1950, Section 6648.26 (Williams, Section 6648.-28)."

■ In the case at bar, the alcoholic beverage commission agents staged the

raid and confiscated the liquors from the V.F.W. Club where respondent Simmons was employed. The liquors have thus been in the possession of the ABC in accordance with T.C.A. 57–616 and it appears that the proper remedy for the claimant is to follow the procedure as set out in T.C.A. 57–623, 57–624.

Claimant contends that since he was never convicted of either charge against him that the confiscated liquor should be returned to him as ordered by the Circuit Court. However, the clear holding of State v. McCrary, 205 Tenn. 306, 326 S. W.2d 473, is to the contrary. In that case, McCrary was apprehended and tried for possessing a male deer out of season. McCrary's automobile and gun were confiscated by the Conservation officers who apprehended him. At the trial McCrary was acquitted and the trial judge ordered the confiscated goods returned to McCrary. The State appealed from this order to return the confiscated goods and the Supreme Court of Tennessee said:

"The exclusive remedy for recovery of property thus seized as contraband in violation of the Game and Fish Laws of this State is contained in Sections 51–707 through 51–715, T.C.A."

* * * * * *

"Section 51–709, T.C.A., provides that if any one wishes to claim this property that they may do so at any time within 10 days from its seizure by filing with the Director of the Game and Fish Commission at Nashville a claim where it is heard by the Director. Section 51–712, T.C.A. provides that if after the hearing the Director decides against the claimant the cause may be appealed by the common law writ of certiorari to the Circuit Court of the County in which the property is seized. Section 51–715, T.C.A. provides for the procedure to be followed under such a claim and provides that:

'and the court shall not have jurisdiction to interfere therewith by replevin,

injunction, supersedeas, or in any other manner except as herein provided.'

This quoted language is in reference and provides directly that the sole remedy of the claimant for this property is through the procedure above outlined that is by filing a claim with the Director of the Game and Fish Commission which in turn may be appealed."

* * * * * *

"It thus seems to us that the trial judge in this case was wrong or committed error when he adjudged that the seized property is not contraband. The Act gave him no such authority.

Ordinarily in this type of case a proceeding to recover property seized as contraband is civil in nature, separate, distinct, and divorced entirely from the criminal prosecution growing out of the same set of facts. A jury verdict of acquittal in the criminal case is not binding on the court or the commission having jurisdiction over the proceeding for the recovery of the seized property."

* * * * * *

" '* * * no court shall have jurisdiction to interfere therewith by replevin, injunction or in any other manner.' Pub.Acts 1939, c. 49, § 19; c. 194. 'Plainly this prohibition against interference by the courts relates to cases where the Commissioner has seized the liquors or the vehicle. No court is to interfere with his jurisdiction in such cases—that jurisdiction having attached.' "

Caneperi v. State, 169 Tenn. 472, 89 S. W.2d 164, was a case dealing with confiscated contraband liquor where the Court said:

"Nor do we find any support for the insistence that the trial judge was bound by the verdict of not guilty. How or by what considerations the jury was influenced to its verdict acquitting the drivers of the truck, it is not necessary to determine. The ways of juries are past find-

ing out. And there is no suggestion in the statute that the judgment of the trial judge in this special and separate proceeding is to be controlled by the result of the criminal prosecution. If this had been the intention of the Legislature, it would have provided for the return or delivery of the liquor automatically, upon a verdict of acquittal of the crime charged. The verdict of not guilty is a finding only that the individuals on trial are not guilty of the offense charged, and is not necessarily a finding that the liquor was not itself in illegal transportation."

In State v. Bass, 153 Tenn. 162, 281 S. W. 936, where the principal question was concerned with suppression of evidence the Court said:

"In some cases it is held that, though suppressed as evidence because unlawfully seized, contraband such as illicit stills, liquor, implements of crime, and stolen goods, will not be restored to the person from whom taken. Haywood v. United States, (C.C.A. 7), 268 F. 795."

In Lawrence v. Mullins, 224 Tenn. 9, 449 S.W.2d 224 (1969), State v. Bass, supra was quoted with approval.

Defendant Simmons contends that the State had no right to appeal from the nolle prosequi or the acquittal by the Trial Court.

The State however, is not attempting to appeal from the nolle or from the acquittal of the defendant. The State is merely seeking by certiorari to have the Circuit Judge's order to return the confiscated contraband liquors to the defendant set aside as such order was outside the authority of the trial judge.

Under T.C.A. 57–616 through 57–624 the control and authority for disposition of contraband liquor is vested in the Tennessee Alcoholic Beverage Commission and once having assumed control of it, the trial judge was without authority to order the seized liquors returned to the defendant Simmons from whom they were taken. To do so would cause him to possess the liquors in violation of law, the defendant not being a licensed dealer.

McCanless v. Evans, 177 Tenn. 86, 146 S.W.2d 354 (1941), was a case where the Circuit Court ordered the confiscated liquors returned to the defendant. The Supreme Court reversed the judgment of the Circuit Court and said:

"For another reason, the Commissioner rightly refused to order the return of this whiskey to petitioner Evans. It appears that Evans was not a licensed dealer and was unlawfully in possession of this large quantity of whiskey. If it should be turned over to him by the commissioner, he would then be in unlawful possession of it. The opinion of this Court in Ambrester v. State, is directly in point (172 Tenn. 144, at pages 146, 147, 110 S.W.2d 332 at page 333), where the general rule was stated to be that property, the possession of which is illegal, 'cannot be returned to accused from whom it was unlawfully taken, since that would make him a criminal when he became repossessed of it'; citing 56 C.J., 1251. Mr. Justice McKinney says, 'If petitioner was not in the lawful possession of this whiskey, this court should refrain from making him a criminal by ordering it restored to his possession.'"

We have been unable to find any legal authority which supports the order of the Circuit Court of Warren County in returning to the defendant Simmons the intoxicating liquors in question.

In making a determination of the principal question in this case, whether the Circuit Court was vested with authority to return the liquors in question to the defendant Simmons, we are bound by the mandate of the statutory law which the Legislature, in its wisdom enacted and by the decisions of our Supreme Court in its wise interpretation and application of the statutes.

Therefore we hold that the order made by the judge of the Circuit Court of Warren County, Tennessee on June 1, 1973 in which the Alcoholic Beverage Commission was directed to return to the defendant the liquors seized on February 22, 1973, at the V.F.W. Club in McMinnville, Tennessee, the same being 61 quarts, 65 fifths, 110 pints and 118 half pints of intoxicating beverages, was without authority and is void. The petition for Certiorari and supersedeas is sustained. The order is set aside and the Alcoholic Beverage Commission is authorized to dispose of the liquors in question as required by law.

OLIVER and RUSSELL, JJ., concur.