**STATE of Tennessee, ex rel. Thomas H. SHRIVER, District Attorney General, Appellees,**

v.

**FRATERNAL ORDER OF EAGLES, AMERICAN LEGION POST NOS. 5, 82, 88, 105 AND 220, Knights of Columbus Councils 3763 and 4972, Veterans of Foreign Wars Posts 1291 and 5827, Elks Lodge Numbers 72, 1102, and 2473, and Moose Lodge Number 2221, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 14, 1984.

Permission to Appeal Denied by Supreme Court May 29, 1984.

Franklin D. Brabson, Thomas Watson, Morris Levine, Nashville, for appellants.

William M. Leech, Jr., State Atty. Gen. & Reporter, Jennifer Helton Small, Asst.

State Atty. Gen., Robert Strong, Asst. Dist. Atty. Gen., Nashville, for appellees.

BYERS, Judge.

## OPINION

The appellants appeal from a judgment of the trial court which ordered the destruction of gambling devices and the forfeiture of money found therein.

The appellants claim the trial court erroneously allowed the state attorney general to intervene in the case, claim the machines were seized illegally, claim they are exempt from the gambling statute, say T.C.A. § 39-6-602, the forfeiture act, is unconstitutional, and in a belated issue, raised after the state's brief was filed in this Court, say the trial court did not have jurisdiction over the machines.

The judgment is affirmed.

This case has an unusual cast which finds the district attorney general and the state attorney general in conflict. The appellants have carried the banner for the district attorney general, who became passive in the litigation after the state's attorney general intervened.

The Tennessee Bureau of Identification at the request of the district attorney general entered into an investigation of illegal gambling in Davidson County. As a result of this investigation, one hundred thirty slot machines and five electronic devices were seized on June 26, 1980. The appellants were the owners of these machines in varied amounts.

After the seizure, it appears protracted negotiations between the district attorney general and the appellants took place. The main thrust of these negotiations was apparently to avoid the prosecution of employees on gambling charges and to avoid loss of the value of the machines and the money confiscated therein.[1]

The record reveals an agreement reached by the district attorney general and the appellants wherein the machines would be sold to people out of state and the proceeds of the sale would be prorated among the appellants in accordance with their ownership of the seized machines. Additionally, the sum of $8,993.45, which was in the machines when they were seized, was to be returned to the appellants in the amount of their ownership. To carry this out, the district attorney general conducted a sealed bid for purchase of the machines, and the highest bid received for the machines was $47,000.00. On January 20, 1983, the district attorney general filed a petition in the circuit court asking the court to approve the arrangement and asking the court to enter an order allowing the sale and disposition of the money.

On February 8, 1983, the appellants filed a response to the motion of the district attorney general asking to have the property returned to them or, in the alternative, asking the court to proceed with the agreed sale in accordance with the petition of the district attorney general.

On February 18, 1983, the state attorney general filed a petition to intervene on behalf of the general fund of the state and on behalf of the T.B.I. Thus the battle lines were drawn, and the matter proceeded to trial with the result set out in the first paragraph.

The appellants contend the state attorney general had no right to intervene in this case because the state attorney general has no interest in the subject matter of the litigation, as required for intervention, Tenn.R.Civ.P. 24.01(2). Further, the appellants say that because the interest of the state is adequately protected by the district attorney general, the same rule prohibits the intervention. The appellants, for further attack on the right of intervention, say the state attorney general may not intervene because article six, section five, of the Tennessee Constitution gives the district attorney general the exclusive authority to prosecute criminal offenders in the various districts, which has been fully enunciated in T.C.A. § 8-7-103, and judicially deter-

---

1. It appears there were two or three people prosecuted in these cases.

mined in *State v. Simmons,* 610 S.W.2d 141 (Tenn.Cr.App.1980).

■ The appellants' position against the intervention is without merit because the proceeding to forfeit these machines is civil in nature and not criminal. *See State v. McCrary,* 205 Tenn. 306, 326 S.W.2d 473 (1959); *Goldsmith v. Roberts,* 622 S.W.2d 438 (Tenn.App.1981). T.C.A. § 8-6-109(b)(1) imposes upon the state attorney general the duty to "[try] and [direct] all civil litigated matters ... in which the State of Tennessee or any officer, ... agency, ... or instrumentality of the state may be interested."

■ T.C.A. § 39-6-602(c) provides that the seizing authority and the general fund of the state shall share equally in the proceeds realized from the forfeiture of property. Therefore, the state attorney general had an unconditional right to intervene in this case to carry out the duties specified in T.C.A. § 8-6-109(b)(1). *See* Tenn.R.Civ.P. 24.01(1). The claim of laches raised by the appellants on the part of the state attorney general is not supported by this record. The district attorney general filed this petition for disposition of the property on January 20, 1983. The appellants filed their answer on February 8, 1983. The state attorney general filed the petition to intervene on February 18, 1983. The time in which to compute the running of time on the doctrine of laches would not commence to run until January 20, 1983, when the district attorney general petitioned the court to dispose of the property and the money seized therein, a request which was not in conformity with the statutory scheme.

■ The state attorney general was not charged with the time which expired between the seizure of the machines and money and the filing of the petition by the district attorney general.

■ The appellants claim the seizure of the machines and money was unlawful because of defective search warrants and claim the officers seized items not listed therein. This complaint is not viable in a forfeiture proceeding on contraband, and we need not decide the validity of the search warrants. *Fuqua v. Armour,* 543 S.W.2d 64 (Tenn.1976). The manner of the seizure is irrelevant to the authority of the court to dispose of the machines and money.

■ This rule is applicable to the slot machines which are gambling devices per se, *Keaton v. State,* 212 Tenn. 690, 372 S.W.2d 163 (1963), and to the five electronic poker games which the trial court found to be gambling devices, *West Knoxville American Legion Post 223 v. Jenkins,* 637 S.W.2d 899 (Tenn.Cr.App.1982).

■ The appellants insist they are exempt from the gambling statute by T.C.A. § 39-6-609. This issue was raised in *West Knoxville American Legion Post 223 v. Jenkins, supra,* and was rejected by the court because slot machines and electronic gambling devices did not meet the definition of "bingo," "raffles," and other "similar" games, for exemption purposes. In addition, the element of profit in the definition of professional gambling, T.C.A. § 39-6-601(8), is irrelevant in determining whether specific devices are within the exemption.

■ The appellants claim the forfeiture statute, T.C.A. § 39-6-602, is unconstitutional because it does not provide for notice to the owner of the property subject to forfeiture.

The forfeiture statute clearly contemplates notice because it provides that forfeiture can be had only by order of the court. This clearly requires, as a necessary adjunct to the provision, notice to the owner of the property subject to the forfeiture. In this case notice was given to the various owners of the intent to seek forfeiture of the property.

■ The appellants' last contention, that the court did not have jurisdiction of this property, is without merit. Although the search warrant provided that the officers should return the property seized to the general sessions court, that court had no

jurisdiction to order a forfeiture thereof. The property was within the jurisdiction of the judicial system. The circuit court had at least constructive jurisdiction of the property to carry out the statutory requirements of forfeiture of gambling devices.

 The evidence in this case shows of course that one hundred and thirty of the machines were slot machines and gambling devices per se. The trial judge found the five electronic machines were gambling devices. The evidence does not preponderate against this finding.

All of the assignments of error raised by the appellants are overruled and the judgment of the trial court is in all things affirmed.

JOHN D. TEMPLETON, Special Judge, and DAUGHTREY, J., concur.